IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL RODRIQUEZ, | § | |
|     Movant, | § | |
| | § | No. 3:20-cv-03013-K |
| v. | § | No. 3:18-cr-00631-K-3 |
| | § | |
| UNITED STATES of AMERICA, | § | |
|     Respondent. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Movant Daniel Rodriquez ("Rodriquez") filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (doc. 2). For the reasons addressed below, Rodriquez's motion to vacate is DENIED with prejudice, his pending motion (doc. 7) is DENIED as moot, and a certificate of appealability is denied.

### I. BACKGROUND

Rodriquez pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846 (21 U.S.C. § 841(a)(1) and (b)(1)(B)). On October 1, 2019, he was sentenced to 60 months' imprisonment. Rodriquez did not file a direct appeal. On September 23, 2020, Rodriquez filed his § 2255 motion.

### II. DISCUSSION

In his § 2255 motion, Rodriquez argues that his attorney provided ineffective assistance of counsel. (Doc. 2 at 7.) Specifically, he contends that his attorney failed to demonstrate he played a minor role and was entitled to a two-point reduction at

sentencing. *Id.* Rodriquez cannot show deficient performance or prejudice, and his sole claim must fail.

To sustain a claim of ineffective assistance of counsel, a movant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive the movant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a movant must prove prejudice. To prove such prejudice, a movant must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

A defendant is entitled to a mitigating-role reduction under U.S.S.G. § 3B1.2 when he shows by a preponderance of the evidence: (1) the culpability of the average participant in the criminal activity, and (2) he was substantially less culpable than the

2

average participant. *United States v. Palacios-Villalon*, 802 F. App'x 868, 869 (5th Cir. 2020) (per curiam) (citing *United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016) (footnote omitted)); *see also Arellano-Galeana v. United States*, 2020 WL 5819362, at *3 (N.D. Tex. Sept. 30, 2020). A court's determination regarding whether a minor-participant reduction is appropriate is based "on the totality of the circumstances." *United States v. Kearby*, 943 F.3d 969, 977 (5th Cir. 2019) (citing U.S.S.G. § 3B1.2 cmt. n.3(C)). "The determination whether [someone is a minor or minimal participant] is based on the totality of the facts and circumstances and involves a determination that is heavily dependent upon the facts of the particular basis." U.S.S.G. § 3B1.2, cmt. n.3(C). When making this determination, the court should look at the following non-exhaustive list of factors: (i) "the degree to which the defendant understood the scope and structure of the criminal activity," (ii) "the degree to which the defendant participated in planning or organizing the criminal activity," (iii) "the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority," (iv) "the nature and extent of the defendant's participation in the commission of the criminal activity," and (v) "the degree to which the defendant stood to benefit from the criminal activity." *Id.* A defendant bears the burden of showing that he was entitled to a minor-participant reduction. *United States v. Marmolejo*, 106 F.3d 1213, 1217 (5th Cir. 1997) (citing United *States v. Atanda*, 60 F.3d 196, 198 (5th Cir. 1995)). The decision whether to apply a mitigating-role reduction is a factual finding that is reviewed for clear error. *Palacios-Villalon*, 802 F.

3

App'x at 869 (citing *United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016) (citation omitted)).

Rodriquez has failed to demonstrate that his attorney provided deficient performance. Under *Strickland*, a court's review of counsel's performance should be "highly deferential." 466 U.S. at 698. This is so because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence[.]" *Id.* at 689. And "[g]iven the almost infinite variety of possible trial techniques and tactics available to counsel, this Circuit is careful not to second guess legitimate strategic choices." *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993); *see also United States v. Scott*, 11 F.4th 364, 373 (5th Cir. 2021).

Co-conspirator Juan Jose Barajas-Ortiz, the owner or manager of an upholstery shop, was the main source of supply for Rodriquez. PSR (CR Doc. 91-1) ¶ 10. Barajas-Ortiz conducted transactions at the upholstery shop with the assistance of Pete Romero and Jose Eduardo Bonilla-Turcios. PSR (CR Doc. 91-1) ¶ 10. Romero and Bonilla-Turcios participated in the drug conspiracy under the direction of Barajas-Ortiz. PSR (CR Doc. 91-1) ¶ 10. Rodriquez was a customer of Barajas-Ortiz and a distributor of methamphetamine. PSR (CR Doc. 91-1) ¶ 11. The conspiracy to which Rodriquez pleaded guilty involved a conspiracy beginning on or about December 5, 2018 and continuing until December 6, 2018. Factual Resume (CR Doc. 58) at 2; PSR (CR Doc. 91-1) ¶¶ 12, 14, 16. Rodriquez played a key role in that transaction by receiving two kilograms of methamphetamine and nine kilograms of heroin from Bonilla-Turcios.

PSR (CR Doc. 91-1) ¶ 12.  In Rodriquez's Factual Resume, he admitted that he planned to distribute those drugs.  Factual Resume (CR Doc. 58) at 2.  At sentencing, Rodriquez was only held accountable for the amounts he recovered on December 6, 2018.  PSR (CR Doc. 91-1) ¶ 14 (providing he was held accountable only for 2 kilograms of methamphetamine and 9 kilograms of heroin).  Rodriquez also stipulated that the $8,005 in his possession was drug proceeds.  Factual Resume (CR Doc. 58) at 3.

The record fails to show that Rodriguez was substantially less culpable than the average participant in the criminal conspiracy.  The facts, as outlined above, demonstrate that Rodriquez was more than the average participant.  Therefore, Rodriquez's attorney did not render deficient performance by failing to object to him not receiving a mitigating-role reduction.  In addition, Rodriquez received "credit" for being an average participant when the Court gave him a two-level safety-valve reduction under U.S.S.G. § 5C1.2 at sentencing, which would not have been the case if he had played an aggravating role.  PSR (CR Doc. 91-1) ¶ 23; *see also United States v. Ramos*, 772 F. App'x 47, 50 n.7 (5th Cir. 2019) (per curiam) ("U.S.S.G. § 5C1.2(a)(4) provides that the defendant is only eligible for the safety valve if 'the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines.'").

Last, to the extent that Rodriquez's challenge could be viewed as a direct attack on the Court for not *sua sponte* granting him a mitigating-role reduction, such a claim

5

would not be cognizable under § 2255. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (§ 2255 motions can raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice, and because misapplications of the sentencing guidelines do not fall into either category, they are not cognizable in § 2255 motions); *see also Robertson v. United States*, 2021 WL 662108, at *2 (N.D. Tex. Feb. 19, 2021) (citing *Williamson*, 183 F.3d at 462). Therefore, such a claim is not cognizable in this § 2255 action.

### III. CERTIFICATE OF APPEALABILITY

Finally, the Court will address whether the issuance of a certificate of appealability (COA) is appropriate here. Under Rule 11 of the Rules Governing Section 2255 Proceedings, the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA will be issued only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 330 (2003); *accord Foster v. Quarterman*, 466 F.3d 359, 364 (5th Cir. 2006). The applicant makes a substantial showing if he demonstrates that jurists of reason could debate the propriety of the district court's assessment of his constitutional claims or conclude that his claims are 'adequate to deserve encouragement to proceed further.'" *United States v. Wainwright*, 237 F. Appx. 913, 914 (5th Cir. 2007) (per curiam) (quoting *Miller-El*, 537 U.S. 322 at 327); *see Foster*, 466 F.3d at 364. Considering the specific facts of this case and the relevant law, the Court fails to find that "jurists of reason could debate the propriety"

of the actions taken in this order or otherwise conclude "that [the] claims are adequate to deserve encouragement to proceed further." Therefore, the Court denies Rodriquez a COA.

## IV. CONCLUSION

For the foregoing reasons, Rodriquez's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (doc. 2) is DENIED with prejudice, and his pending motion (doc. 7) is DENIED as moot. The Court also DENIES a certificate of appealability.

**SO ORDERED.**

**Signed August 16th, 2022.**

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE